## CONTINENTAL LIFE INS. CO.
### v.
## CAROLINE S. ROGERS.

NOTICE.—Where the form of the action or of the pleadings gives notice to the opposite party to be prepared to produce a particular instrument then in his possession, if necessary, to contradict the evidence of the other party, notice to produce the instrument is not required. *Held,* that the declaration in this case operated as implied notice to the insurance company to produce the written notice and proof of death.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed June 9, 1886.

Messrs. SWIFT & CAMPBELL, for appellant.

Messrs. SMITH & BURGETT, for appellee.

McALLISTER, J.   This was an action by appellee against the insurance company, appellant, upon a policy of insurance issued by the latter, May 23, 1881, whereby, in consideration of certain premiums to be paid by the assured, appellant insured the life of Herbert S. Rogers in the sum of five thousand dollars, for the period of ten years, for the benefit of appellee, the wife of said Herbert.

The declaration sets out said policy *in hæc verba,* avers the due payment of all the premiums, the death of said Herbert S. Rogers, and that plaintiff had, within two years after the death of said Herbert, produced to the defendant, at its home office in Hartford, Connecticut, due notice and satisfactory proof, in writing, of the death of said Herbert S. Rogers, etc.   On the trial, under the plea of general issue, the plaintiff gave testimony tending to prove all the essential elements of her cause of action, and the defendant offered no evidence by way of defense.   The jury found the issue for the plaintiff and her damages to be five thousand five hundred and

twenty-two dollars and fifty cents; for which plaintiff had judgment and defendant prosecutes this appeal.

The principal point relied on by appellant's counsel for reversal is, that the court allowed plaintiff to give secondary evidence of said notice and proof of death, without first having given defendant notice to produce them on the trial.

The rule is well settled that where the form of the action or of the pleadings gives notice to the opposite party to be prepared to produce a particular instrument then in his possession, if necessary, to contradict the evidence of the other party, notice to produce the instrument. is not necessary. Neally v. Greenough, 5 Foster, 325, and cases there cited; 2 Phil. on Ev., Cow. & Hill's Notes, 5th Ed., marg. p. 538, note 461.

We think the declaration in this case operated as implied notice to defendant to produce the papers in question. The plaintiff's evidence fairly tended to prove every essential element of her cause of action, and defendant offered none. Perceiving no substantial error, the judgment will be affirmed.

Affirmed.