JAMES T. HAIR

v.

WESLEY D. BARNES.

*Contract to Secure Advertising—Breach—Measure of Damages—Estimate of Profits—Evidence—Set-off.*

1.  In an action to recover damages for the breach of a contract, the plaintiff must produce evidence from which the jury can find the extent of his injury.  This rule excludes all such elements of injury as are incapable

of being ascertained with reasonable certainty by the usual rules of evidence.

2. In an action against a solicitor of advertisements to recover damages for a breach of a contract to solicit advertising during a certain period, it is *held:* That an estimate of probable profits for the remainder of the term, based on proof of the profits for a part thereof, is speculative and insufficient as a basis for an estimate of damages; that the plaintiff's opinion or estimate of the value of the defendant's services was properly excluded; that the plaintiff failed to show a right to recover more than nominal damages; and that the verdict for defendant for the amount of the set-off claimed was proper.

3. An error resulting in no injury to the appellant is insufficient as ground for a new trial.

[Opinion filed May 31, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. C. C. LINTHICUM and FRANK J. SMITH & HELMER, for appellant.

Mr. EDGAR L. JAYNE, for appellee.

In all cases where damages are claimed, unless the court or jury are furnished with a reasonably certain basis or data for ascertaining or measuring the damages, the claim must be denied.

Appellant having built his entire claim on probable and prospective profits, too speculative, fanciful and remote to come within any established rule, his claim must fall. Moline W. Plow Co. v. Waters, 10 Ill. App. 159; Olmstead v. Burke, 25 Ill. 86; Taylor v. McGuire, 13 Missouri, 517; Hadley et al. v. Boxendale, 26 Eng. L. & Eq. 398; Watson v. The Amburgate, N. & B. R. Co., 3 Eng. L. & Eq. 479; Hamlin v. The Great Northern R. W. Co., 38 Eng. L. & Eq. 335; Hyner v. Richter, 51 Ill. 299; Green v. Williams, 45 Ill. 209; St. L., J. & C. R. R. Co. v. Lurton, 72 Ill. 118; Rock I. & St. L. R. R. Co. v. Beckemer, 72 Ill. 267; Frazer v. Smith, 60 Ill. 145; Ill. & St. L. R. R. Co. v. Decker, 3 Ill. App. 135; Hewitt v. Walker, 2 Ill. App. 490; Sedgwick on Measure of Damages, Secs. 58, 65, 68, 69, 71, 72.

MORAN, P. J.  Appellant brought his action in the court below to recover against appellee for the breach of a contract between appellant and appellee, in and by which contract appellee agreed to solicit advertising patronage for hotel regis- ter books for a period of five years, and to devote all his time and energy during business hours daily to securing advertising patronage and taking contracts for said advertising registers, appellee to receive for his services thirty per cent. of the gross amount collected on said contracts for advertising.

Appellant alleged that appellee did not perform his contract, but only worked 385 days of the time, and for 1,185 days of the time he absented himself, and the benefit of his time and energies were lost to appellant.  Appellee pleaded the general issue and gave notice of set-off, and on the trial appellee had a verdict for the amount of the set-off claimed by him.  There was no dispute as to the amount coming to appellee if appel- lant should not be entitled to damages for the breach of con- tract.

Many errors are assigned by appellant, and we are of opin- ion that errors intervened in the course of the trial which would have entitled appellant to a reversal if he had made, or offered to make any proof which would entitle him to recover anything more than nominal damages for the breach of con- tract proven.

It was shown that appellee went to Europe and also to Cuba during the running of the contract, and that he failed to devote himself to the business of canvassing for advertisements for upward of two years of the contract period.  To show his damages, appellant proved what amount of advertising appellee had taken in certain cities in which he had canvassed, for periods varying from four to ten days, and also the whole amount of advertising for which he got contracts during all the time he worked under the agreement, and that the profits of appel- lant were from twenty-five to thirty per cent. on the amount of advertising contracts taken by appellee.

To attempt to fix a measure of damages for the breach of the contract alleged from a consideration of such facts, would be, in our opinion, to make an excursion into the domain of

conjecture.   Canvassing for advertisements to be inserted in such books as appellant was engaged in selling, is a business in its nature affected by numerous contingencies.   Success depends on a great variety of circumstances, and the result of a four days canvass in New Orleans or Mobile, Alabama, would hardly form a safe basis on which to estimate damages for a failure to work under the contract in some other territory for a period of two years.

The profits that might be conjectured as the probable result of a canvasser's labor in such business are purely speculative. Sutherland, in his work on Damages, Vol. I, p. 111, says: "The cardinal rule in relation to the damages to be compensated on the breach of a contract, that the plaintiff must establish the *quantum* of his loss by evidence from which the jury will be able to establish the extent of his injury, will exclude all such elements of injury as are incapable of being ascertained by the usual rules of evidence, to a reasonable degree of certainty.   Instances of such uncertain damages are profits expected from a whaling voyage, and the gains which depend in a great measure upon chance; they are too purely conjectural to be capable of entering into compensation for non-performance of a contract."   In Lewis v. The Atlas Co., 61 Mo., 584, in a suit by an insurance agent against the company for damages resulting from his discharge during the term of his employment, it was held that the measure of his damages was the amount of his loss in consequence of the discharge, but an estimate of probable earnings for the remainder of the term based on proof of the amount of his collections and commissions before the breach was held too speculative.   In the Union Refining Co. v. Barton, 77 Ala. 148, the plaintiff engaged under a contract for the term of three years to travel, introduce, and sell the oil of the defendant in the territory of the State of Georgia, his compensation to be a commission of ten per cent. on what he sold.   After he had worked some months, the defendant committed a breach of the contract, and plaintiff brought suit, and to establish his damages for the time the contract had yet to run, he proved what the amount of his sales had been for the

time preceding the breach, and the trial court instructed the jury to consider the extent of such sales in connection with the time the contract had to run, to fix the damages for the breach. This was held error by the reviewing court, damages for future profits in such a case depending on too many contingencies to be the subject of recovery. Stone, C. J., said: "In fact, the success of such enterprise depends on so many contingencies, that we can conceive of no means of making the necessary proof on which to found a verdict. No rule for such ascertainment can be predicated. Past success in the same or similar enterprise will not do. Conditions may not always remain the same." To the same effect, Goodsell v. Western Union Telegraph Co., 53 N. Y. Sup. Ct. 46; Masterson v. Mount Vernon, 58 N. Y. 391.

Appellant offered to prove by his own testimony the value of appellee's service per day or week, but this evidence was properly rejected by the court. It was the mere opinion or estimate of appellant, and was plainly a conjecture. Appellant failed to make a case which entitled him to recover more than nominal damages against appellee. Therefore any errors made by the court in instructions or in improperly excluding appellant's evidence on the question of settlement, resulted in no injury to appellant.

Appellee recovered on his claim of set-off for work under another contract only what it is admitted he was entitled to have, if no damages were allowed against him for breach of the contract on which appellant brought his action.

Therefore, notwithstanding the errors complained of, the judgment of the Superior Court must be affirmed.

*Judgment affirmed.*