## HANNAH M. REID
### v.
## GEORGE H. FOSTER ET AL.

*Sales—Warranty— Agency — Admissions—Res Gesta— Practice—Evidence.*

1. A harmless error will not warrant a reversal.
2. In an action brought to recover for a quantity of silk thread sold and delivered, the defendant contending that the same was of inferior quality, this court declines, in view of the evidence, to interfere with the judgment for the plaintiffs.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. DOOLITTLE, McKEY & TOLMAN, for appellant.

An account stated is only *prima facie* evidence against the person receiving the statement of account. Gruby v. Smith, 13 Ill. App. 43, 46; Greenleaf on Evidence, Sec. 212. And oral admissions should be received with great caution, and weighed like other evidence. If hastily made and in ignorance of the rights of the party making them, they amount to nothing. Winslow v. Cooper, 104 Ill. 235–240; Bragg v. Geddes, 93 Ill. 39–60; Corder v. Corder, 124 Ill. 229–233; Greenleaf on Evidence, Sec. 200.

In this case the evidence conclusively shows that these conversations and the acceptance of the statements of accounts

Reid v. Foster.

were made under a clear misapprehension of the facts, and before the objections to the bills could have been ascertained. These circumstances completely rebut the presumption which the admissions and statement raise, of the correctness of the account, and place this case beyond the operation of the rule which makes an admission or statement of account competent evidence. " An authority to make an admission is not necessarily to be implied from an authority previously given in respect to the thing to which the admission relates." Greenleaf on Evidence, Sec. 114.

In this case the purchases were made several months before the admissions of the agent. An admission of an agent, in order to bind the principal, must be a part of the *res gestœ*, and at the same time with the act which he is authorized to do. Lincoln Coal Mining Co. v. McNally, 15 Ill. App. 181–184; Thallheimer v. Brinkerhoff, 4 Wend. 394; Hubbard v. Elmer, 7 Wend. 446; Story on Agency, 9th Ed., Sec. 135 and note; Greenleaf on Evidence, Sec. 113.

Messrs. McClellan, Cummins & Moulton, for appellees.

It is a well settled rule that power to act generally in a particular business constitutes a general agency. Doan v. Duncan, 17 Ill. 272; Noble v. Nugent, 89 Ill. 522.

And the general agency includes all the usual modes and means of accomplishing the ends and object of the agency and includes all the powers incident to the carrying out of the business conducted by such agent in the usual and ordinary manner of such business. Story on Agency, Sec. 85; L. S. & N. I. R. R. Co. v. Day, 20 Ill. 378; Thurber v. Anderson, 80 Ill. 167.

No evidence was offered that limited the authority of the agent. The wife, for whom he worked, did not appear to limit the authority of her husband and employe. But this court is asked now to *presume* a want of authority, and to say that as a matter of law a husband acting as this man was acting, the sole manager, sole agent and the only visible representative of the business carried on there, did not have the ordinary powers incident to the proper conduct of the business.

MORAN, J. This was an action to recover for a quantity of silk thread sold by appellees to appellant. Appellant admitted a part of the bill, but disputed $54.40 thereof on the ground that the goods sold were to that amount unmerchantable and inferior, and not according to the warranty given. As shown by the abstract of the evidence filed by appellant, John F. Reid, who testified in behalf of appellant, stated that he was the agent of said Hannah M. Reid, who is his wife, "in the conduct of her tailoring business in the city of Chicago." He further testified that he bought and sold goods for her and bought the goods in question in this case; that the goods turned out to be inferior in quality, and unfit for the purpose for which they were warranted; that several garments sewed with said thread ripped and failed wholly to hold together. That the agent for appellees knew when he sold the thread the purpose for which it was to be used, and warranted that it was fit for such purpose, and that he, said Reid, objected to these goods a short time before this suit was brought.

The agent of appellees then testified that some time after the sale of the goods and shortly before the beginning of the suit, he went to the tailor store to settle the bill; that the witness, Reid, said nothing about the goods being inferior, and offered to settle for them by giving the notes of appellant, which was declined, and that said witness, Reid, then paid $100 on the bill. That said Reid, on several occasions, acknowledged the correctness of the bill and promised to pay, and never made any claim that the goods were poor until after the appeal of the case to the Circuit Court. Similar evidence as to said Reid's offer to settle the bill and to his making no objection as to the quality of the thread was given by another witness. The admission of such evidence was objected to and is now urged as a ground for reversal, as being in violation of the principle that admissions of an agent are not binding unless they are made as part of the *res que gestœ*. This evidence was not admitted as admissions of the agent against the principal, but as statements and offers made by Reid inconsistent with his testimony that the thread was in-

ferior, and as tending to impeach his evidence. The evidence was irregularly admitted. The proper course was to call Reid's attention to these offers and statements when he was on the stand, and then, if he denied them, to call the witness to prove such offers.

But this irregularity did no injury to appellant, as the witness, Reid, was present in court, and was put on the stand in rebuttal to explain the offers, and state his version of the conversations or statements made by him. The main issue of fact in the case was on the question as to whether the thread was inferior in quality as claimed, and we think that upon that question the evidence fully supports the finding of the court. The error in admitting the evidence of Reid's offers and conduct without first cross-examining him on these matters will not authorize a reversal of the judgment where it appears from the whole record that such error worked no harm, and the preponderance of the evidence (excluding that erroneously admitted) is with the party in whose favor the finding was made.

No error appears which requires a reversal of the case, and the finding being right on the merits the judgment must be affirmed.

*Judgment affirmed.*