## Giffert v. McGuern, Executrix, etc.

1.   WITNESS — *Husband Not Competent—When.*—A husband is not a competent witness for his wife as to transactions with a testator when the opposite party sues or defends as executor.

2.   DAMAGES—*Excessive.*—The question of excessive damages must be specially brought to the attention of the court below, or it can not be reviewed in the Appellate Court.

**Memorandum.**—Assumpsit.   Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.   Heard in this court at the October term, 1893, and affirmed.   Opinion filed February 8, 1894.

The statement of facts is contained in the opinion of the court.

SYLVESTER G. ABBOTT, attorney for appellant.

CYRUS J. WOOD, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee, who is the executrix of the last will, etc., of her deceased husband, John D. McGuern, sued before a justice of the peace the appellant, and her husband, William Giffert, for attorney fees in a chancery suit in which the appellant and her husband were complainants, though the latter was improperly joined, as it was a suit to clear the title of her real property.   That the deceased was their solicitor, retained by them both, there is evidence tending to prove.   William Giffert was not served, and judgment was obtained before the justice against the appellant only, and she appealed to the Superior Court.   There the case was tried by the court, and the only question of law now is whether William Giffert was rightly rejected as a witness on behalf of his wife, when offered by her to testify to conversations with the deceased.

In Treleaven v. Dixon, 119 Ill. 548, it is held that a husband is not a competent witness for his wife as to transac-

tions with the testator when the opposite party sues or defends as executor. That decision is followed in Way v. Harriman, 126 Ill. 132. We may not review the reasons for the decisions.

The services of the deceased were proved to be worth from $150 to $175—payment of $25 was admitted—and the court found for the appellee $125. Checks to the amount of $84, one of them being $25, which were made by William Giffert, all of which were payable to and had been indorsed by the deceased, and paid by the bank, were put in evidence, but it would seem the court only allowed as a credit the one for $25.

The record nowhere shows whether the services of the deceased were before or after, or contemporaneous with, the giving of the checks.

The appellant did not except to the finding, and the motion for a new trial is grounded only on the rejection of William Giffert as a witness, and that "the finding of the court is contrary to the evidence." Had the finding been excepted to, such exception, on the ground assigned for a new trial, would only have raised the question whether the finding was for the right party; not whether it was too much. Payne v. McLean, 44 Ill. App. 354. Excess must be specially brought to the attention of the court below, or it can not be reviewed here. There is no error in the record.