## Henry L. Glos et al., Impleaded, etc., v. Charles F. Swigart.

1. TAX SALES—*Theory Upon Which They Are Made.*—The theory upon which a tax sale is made is that the buyer will take as small a portion of the property offered as is equal in value to the amount of taxes due, and the owner is entitled to have a fair opportunity given to buyers to bid. As much time should be given to bidders in making tax sales as in other public auctions; the rules governing both are the same.

2. CHANCERY PRACTICE—*Entering Decrees.*—It is upon the pleadings and the findings of the master that the court acts in rendering its decree. A party failing to file with the master his objections to the report and his exceptions with the court, can not, after decree, be heard to urge that the proofs do not sustain the report or decree.

3. APPELLATE COURT PRACTICE—*Objections Must be Made in the Court Below.*—Objections not taken in the court below can not be made in the Appellate Court.

**Memorandum.**—Bill for injunction. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 4, 1894.

H. S. MECARTNEY, attorney for appellants.

W. A. PHELPS, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a bill filed by Charles F. Swigart to enjoin the issue of a tax certificate to defendants, Henry F. Meyer and Henry Glos, or either of them, and for an order that a tax

certificate of sale of the said premises be issued to the complainant. Due service of process upon Meyer and Glos having been made, their default for want of answer was entered.

The bill having been by Henry Wulff and Charles Kern answered, the cause was referred to a master to take proofs and report his conclusions thereon.

Proofs were taken by the master, and he returned the same with his conclusions, among which were, as abstracted by appellant, the following:

" Master's report, filed December 26, 1893, by James R. Mann, master in chancery, finds the following to be a fair statement of facts in the case:

In the course of making a sale of lands, etc., for delinquent taxes for the general taxes of 1892, by the county treasurer, through his representative, William Batterman, said premises were exposed for sale. That Mr. Batterman has conducted these sales for many years, and is thoroughly conversant with the method of transacting such business, and there is no evidence whatever to indicate any suspicion that Mr. Batterman did not act in this matter in perfect good faith, or did not intend to do that which he thought was right and proper. It appears that when the property was offered for sale, there were a number of tax buyers in the room, and that a number of them bid on the property, all bidding at once. The only bid which Mr. Batterman heard distinctly was that of one C. G. Marhoefer, who was a regular tax bidder for Henry L. Glos, but bidding in the name of Meyer, and in accordance with the usual practice in such cases, the property was immediately knocked down to Meyer, whose bid was for the whole premises.

Further finds that Swigart, the owner, had made arrangements with Rolla M. Davis to bid in the property when reached at sale. That immediately after the property had been knocked down to Meyer, Davis set up a claim that he had bid a vigintillionth for the premises.

That testimony as to whether Davis made this bid or not is contradictory, Davis swearing that he made the bid at the instant the property was put up, and Henry L. Glos

swearing that he was watching Davis, and that he was otherwise engaged and made no bid, and Batterman swears that the only bid he recognized was that of Meyer.

The theory of tax sales is that the tax buyers will take as small a portion of the property offered as is equal in value to the amount of taxes due, and the owner is entitled to have a fair opportunity given to tax buyers to bid. Such opportunity was not afforded in this case; at the same moment several bids were received and the property was instantly knocked down to one of the bidders without any opportunity on the part of the other bidders to bid for a fraction of the property. Davis was entitled to have an opportunity to bid for a vigintillionth of the property, and the owner of the property was clearly entitled to have an opportunity given to any of the tax buyers to bid for a fraction of the property, so that the taxes on the whole lot might thereby be paid.

While it may not be possible as a matter of business transaction to give as much time to bidders in the matter of making tax sales as should be given in other public auctions, still the rules governing them are the same.

Recommends a permanent injunction against county collector and county clerk, restricting them from completing the sale to the defendants, Glos and Meyer, and finds that complainant made a tender the next day after the sale to the county treasurer of the taxes, etc., due, and still keeps his tender good.

Finds further, that as the sale to Meyer has not been completed by the issuance of a certificate, upon the setting aside of the said pretended sale, the collector would be required to proceed to make a sale of the property for the taxes due, unless the complainant should pay the amount of the taxes. If, however, the complainant keeps his tender good, he is entitled to pay the taxes before any sale is actually made.

In my opinion the complainant is entitled to prevent the carrying out of the sale to Meyer or Glos, and is entitled to pay the taxes to the collector and to receive a receipt for the same."

No objection to this report was made before the master, and no exceptions thereto were filed by appellants.

The court, upon the coming in of the master's report, confirmed the same, and entered a decree that said Kern and Wulff be perpetually enjoined from issuing any certificate of sale of the said premises to said Glos or Meyer, or completing said sale, and that said Glos and Meyer be enjoined from demanding or receiving from said Kern or Wulff any certificate of sale of said premises, and also that the clerk of the court receive the said sum of money aforesaid, to be delivered to defendant, Charles Kern, at his request, and that the same be received and shall be in full satisfaction and discharge, and in full payment of the taxes of 1892, upon said real estate, and also ordered that said real estate be freed and disincumbered of the attempted sale thereof, on August 28, 1893, and that said sale be vacated, set aside and held for naught, and that said real estate be freed and disincumbered of the taxes thereon for the year 1892.

From this decree Glos and Meyer prosecute this appeal. The default of Meyer and Glos is not only an admission of the allegations of the bill, but the findings of the master, upon proofs taken, sustain such allegations. Appellants did not object to the master's report, nor appear in the cause until after a final decree had been entered.

It is upon the pleadings and the findings of the master that the court acts in rendering a decree upon a master's report. One who has failed to file with the master objections to the report and exceptions to the same with the court, can not, after decree, be heard to urge that the proofs do not sustain the report or decree. Brown v. McKay, 51 Ill. App. 295; Kaegebein v. Higgie et al., 51 Ill. App. 538; Waska v. Klaisner, 43 Ill. App. 611.

When a decree is based upon a master's report, it is upon the findings of the master that the court acts, not upon the proofs presented to the master, just as at law upon trial by jury the judgment is rendered upon the verdict, not upon the evidence heard; in either case, the court may overrule the decision of the tribunal that has passed upon the facts,

but if the report of the master or the verdict of the jury is sustained, the decree or judgment is based upon such finding or verdict.

Objections not taken in the court below can not be made in the Appellate Court.   Hudgins v. Kemp, 20 Howard, 45–54; New Orleans v. Gaines, 15 Wall. 624; Train v. Gridley, 36 Ind. 241; Smalley v. Corliss, 37 Vt. 486–492; Daniell's Ch. Pr., Vol. 2, 1316.

While the decree is not in accordance with the prayer of the bill, the relief granted is such as the allegations of the bill warrant and such as is equitable and just.

Appellants are in no wise harmed by the departure in the relief granted from the prayer of the bill.   Errors which are harmless may be disregarded.   Reid v. Foster, 37 Ill. App. 76; Hair v. Barnes, 26 Ill. App. 580.

Had appellant objected to the relief granted as not being such as the bill prayed for, the court would doubtless have allowed an amendment of the prayer of the bill.

The decree of the Superior Court is affirmed.