## Theodore Nelson and Orlando Shepard v. Emilie J. Smith, Emilie J. Smith and Chalkley J. Hambleton, Executors of the Estate of Jane A. Smith, Deceased.

1. MISJOINDER OF PARTIES—*Plaintiffs and Defendants—Must Be Made in the Court Below.*—When the objection of a misjoinder of parties is not made in the court below, it can not be urged in the Appellate Court.

2. VARIANCE—*Objection Must Be First Made in the Court Below.*— Objection on the ground of a variance between the pleadings and the proofs must be made in apt time in the court below. It can not be made for the first time in the Appellate Court.

**Memorandum.**— Forcible detainer. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 4, 1894.

C. A. SURINE, attorney for appellants.

APPELLEES' BRIEF, BANGS, WOOD & BANGS, ATTORNEYS.

Matters in abatement, if relied upon, must appear at the earliest opportunity after service is had. Steele v. G. T. I. Ry. Co., 20 Ill. App. 366; Steele v. G. T. I. Ry. Co., 125 Ill.

388; Huftalin v. Misner, 70 Ill. 205; Byers v. City Mt. Vernon, 77 Ill. 466; Dodge v. People, 113 Ill. 491.

Objection to variance between pleadings and proof must be specifically made at the trial, that opportunity to amend may be given. Bloomington v. Tebballs, 17 Ill. App. 456; Start v. Moran, 27 Ill. App. 119; Wabash Ry. Co. v. Cable, 113 Ill. 117; Mattoon v. Fallin, 113 Ill. 215; Ladd v. Piggott, 117 Ill. 651.

Misjoinder should be taken advantage of by plea in abatement. Failing to do this the verdict cures the defect by force of the statute of amendments and jeofails. Towen v. Emmet, 41 Ill. 319; Swigart v. Weare, 37 Ill. App. 258.

Misjoinder not appearing on the face of the pleadings could be alleged and objected to on the trial by defendants, only because of its supposed appearance in the evidence; and a motion to exclude or take the evidence from the jury should make such misjoinder a specific ground for the motion; failing to do so, and giving other specific reasons for the motion, would be a waiver of all other grounds, and defendants can not be allowed to urge such misjoinder on appeal, as such ground would be of a character that could have been obviated on the trial, if thus brought to plaintiff's attention. C. P. Ry. Co. v. Nix, 137 Ill. 141; City of Mattoon v. Fallin, 113 Ill. 249.

A specific objection to the admission of evidence is strictly a waiver of all objections based on other grounds not specified, and objections to evidence being only general, no specific objection can be heard on appeal. W. W. Ry. Co. v. Friedman, 41 Ill. 275; N. Chic. Ry. Co. v. Cotton, 41 Ill. 315; L. & E. I. R. R. Co. v. People, 120 Ill. 669; T. H. & I. R. R. Co. v. Voelker, 129 Ill. 548; Weber v. Mick, 131 Ill. 520; L. S. & M. S. Ry. Co. v. Wood, 135 Ill. 516.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a proceeding against appellants for the forcible detainer of certain premises.

Judgment having been rendered against them, appellants

prosecute this appeal, and assign as error that there was a misjoinder of plaintiffs and also of defendants.

Appellants made no such objection in the court below, where it could easily have been obviated; they can not urge it here for the first time. Towan v. Emmet, 41 Ill. 319; City of Mattoon v. Fallin, 113 Ill. 249.

Appellants also insist that there was a variance between the complaint and the evidence introduced in support thereof. This objection is also made here for the first time. Such variance should have been pointed out upon the trial, that by proper amendment it might have been removed.

The defendants offered no evidence. A witness for the plaintiffs testified that appellant Shepard was a tenant of appellant Nelson, merely occupying a room in the premises. Shepard had himself been served with notice to quit, yet had continued to occupy, and had failed to disclaim any interest in, occupancy of, or claim to, the entire premises.

He defended against the claim of the plaintiff, that he, Shepard, was without right withholding possession of the entire premises from the landlord. The joint judgment against him and Nelson that they surrender the possession of the premises, if erroneous, is an error that does not injure him. Reid v. Foster, 37 Ill. App. 76; Hair v. Barnes, 26 Ill. App. 580.

There is no pretense that the rent was not past due, or that the plaintiffs are not justly entitled to the possession of the premises.

A joint action against Shepard and Nelson was properly brought. Espen v. Hinchliff, 133 Ill. 468.

The defense and the appeal are without merit and the judgment of the Circuit Court is affirmed.