## Patrick H. Heffron v. Maggie Brown.

1. DAMAGES—*The Question of Excessive, How Raised.*—The question of excessive damages can not be raised in the Appellate Court without being first presented to the court below on motion for a new trial.

2. SERVICES—*Whether Gratuitous.*—The question as to whether services rendered were intended to be gratuitous is not a question of law, but of fact, and the parties need not have had the same intent, to entitle a person to recover. If a party expects to be paid and the other knows or believes such to be the fact, and by his language and conduct encourages the party to entertain such expectation, then he must pay, even if he did not intend to do so.

**Memorandum.** — Assumpsit for wages. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 4, 1894.

APPELLANT'S BRIEF, OSBORNE BROTHERS & BURGETT AND WILLIAM J. CANDLISH, ATTORNEYS.

No rule of law is better established than that where services are voluntarily rendered or support furnished by those near of kin, or by those sustaining near family relations, whether of blood kin or not, the law will imply no contract for compensation, and unless an express contract to pay is shown in such a case, no recovery can be had. Hall v. Finch, 29 Wis. 278; Falloon v. McIntyre, 118 Ill. 292; Collar v. Patterson, 137 Ill. 403; Woolsey v. White, 7 Brad. 277;

Fruitt, Adm'r, v. Anderson, 12 Brad. 421; Cooper v. Cooper, 12 Brad. 478; Meyer v. Temme, 72 Ill. 574; Mowbry v. Mowbry, 64 Ill. 383; Byers v. Thompson, 66 Ill. 421.

This presumption extends even to a friend, a visitor, or a stranger.   Scully v. Scully, 28 Iowa, 548; Smith v. Johnson, 45 Iowa, 308; Dunlap v. Allen, 90 Ill. 108; Tyler v. Burrington, 39 Wis. 376; Pellage v. Pellage, 32 Wis. 136; Collar v. Patterson, 139 Ill. 403.

The most liberal construction that can be placed upon the rule as laid down in these cases is, that there must be an express contract, or clear, direct and positive evidence that there was an expectation on the part of one to receive payment, and on the other to make payment.   Cooper v. Cooper, 12 Brad. 482; Fruitt v. Anderson, 12 Brad. 421; Scully v. Scully, 28 Iowa, 548; Williams v. Hutchinson, 3 N. Y. 319; Ayres v. Hull, 5 Kas. 419; Hall v. Finch, 29 Wis. 281; Hartman's Appeal, 3 Grant (Pa.) 271; Duffy v. Duffy, 44 Pa. St. 402; Bash v. Bash, 9 Pa. St. 260; Wells v. Perkins, 43 Wis. 160.

It must have been the intention of the person to assume a legal obligation capable of being enforced against him. Hall v. Finch, 29 Wis. 278; Mountain v. Fisher, 22 Wis. 93; Swires v. Parsons, 5 W. & S. 357; Bash v. Bash, 9 Pa. St. 260; Lynn v. Lynn, 29 Pa. St. 369; Duffy v. Duffy, 44 Pa. St. 402; Lantz v. Frey, 14 Pa. St. 201; Defrance v. Austin, 9 Pa. St. 309; Scully v. Scully, 28 Iowa, 548; Coe v. Wagner, 42 Mich. 49; Williams v. Hutchinson, 3 Conn. 312; Fitch v. Peckham, 16 Vt. 150; Wier v. Wier's Admr., 3 B. Mon. 645.

L. M. ACKLEY, attorney for appellee; GEO. W. BRANDT, of counsel.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

These litigants are cousins.   The appellant, unmarried, was housekeeping with his mother and sister.   The sister died.   The appellee was in the country, and the appellant telegraphed to her to come to the city.   She was then on a

vacation, but her employment had been doing housework for wages. The appellant then lived in a small cottage, but very soon moved to a much larger house. There is some vague testimony that he kept a horse and carriage, and a man who lived in the house.

Except what was done by the mother (the condition of whose health, and whether her presence in the house increased or diminished the labor of the appellee, are subjects of conflicting testimony), the appellee managed and did the work of the house, except the washing, for three years. Then a girl was kept, and finally, after the appellant had been married a year or more, the appellee left. No bargain was ever made between the parties about compensation, though there is testimony that after she had been three years there, he said he would pay her for her time. She sued for wages, and the jury has treated her very generously at his expense, but no question of excessive damages is before us, as no such question was presented to the Circuit Court on motion for a new trial. Calumet Furn. Co. v. Reinhold, 51 Ill. App. 323; Giffert v. McGuern, 51 Ill. App. 387.

The appellant claims that error was committed in permitting a witness who testified that she was a housekeeper, impliedly for wages, and knew the wages paid in many cases throughout the city to housekeepers, to testify what were fair wages. In this there was no error. Rogers' Exp. Test. 378. As to another witness, giving much more damaging testimony, whose competency as an expert is not questioned by the brief, the complaint seems to be only that her testimony " undoubtedly impressed the jury," which must have been the purpose in putting it in.

It is the position of the appellant on this appeal, that as the appellee was a cousin of the appellant, and lived upon terms of social equality with him and his mother, no promise of compensation to the appellee could be implied. That unless an express agreement was shown, the law would imply that her services were gratuitous, except so far as compensated voluntarily by the appellant.

A great multitude of cases is cited where courts have

held on the particular circumstances of each case, that for services rendered no compensation could be claimed, and in many of them the courts have loosely talked about what the law would or would not imply; but, in truth, it is not a question of law but of fact. What did the parties intend? No number of decisions upon conclusions from facts make such conclusions rules of law. Fairbury v. Rogers, 98 Ill. 554.

And the parties need not have had the same intent to entitle her to recover. If she expected to be paid, and he knew or believed that she did, and by his language and conduct encouraged her to entertain that expectation, then he must pay her, even if he did not intend so to do. The principle of Chicago W. & S. Co. v. Street, No. 5058, applies.

He sent for her in his time of need, and the evidence tends to show that for several years she gave her time and strength to the task of keeping up his home, at his request.

In no such case has it ever been decided that relationship and family privileges barred a claim for pay.

The instructions were in accord with our view of the law of the case, and the judgment is affirmed.

MR. JUSTICE WATERMAN.

I think the verdict was clearly in great excess of the amount which the evidence shows either the plaintiff or the defendant expected was to be paid, as well as greatly in excess of what the evidence shows the value of the services rendered to have been.