58  343
69  654

## National Bank of Illinois and George Schneider v. Mary S. Baker.

1. Appellate Court Practice—*Variances to be Pointed Out.*—A party litigant who relies upon a variance between the pleadings and the proofs, must point it out; the court will not hunt for it.

2. Same—*Questions Not Raised in the Court Below.*—A question not raised in the court below, can not be raised in the Appellate Court.

3. Interest—*As Damages on Appeal.*—Where money belonging to a party litigant is tied up by an appeal, depriving such party of its use, it is proper to allow interest on the same as damages, under the condition of the appeal bond.

Debt, on penal bond. Appeal from the Superior Court of Cook County; the Hon. Nathaniel C. Sears, Judge, presiding. Submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

MATTHEW P. BRADY, attorney for appellants.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action of debt on the bond given by the bank in National Bank of Illinois v. Baker, 27 Ill. App. 356, 128 Ill. 533, on appeal from the judgment of this court. The abstract shows that when the bond was offered in evidence, the appellants objected that it was variant from that described in the declaration, and they repeat that objection in the brief here, nearly in the same words, but neither there nor here was or is there any specification of any variance. We shall not hunt for it. Nelson v. Smith, 54 Ill. App. 345; Hess v. Rosenthal, 55 Ill. App. 324.

The real question in the case is whether, under a condition to "pay the amount of any judgment, costs, interest and damages rendered against it in said Supreme Court, and all damages that shall be sustained by said Mary S. Baker, by reason of said appeal from the Appellate Court to the Supreme Court," she is entitled to recover interest on the sum over $4,000, which other parts of the condition show were stayed in the hands of the clerk of the Superior Court by, first, the appeal to this court, and next to the Supreme Court.

If she is entitled to any interest, the amount allowed, not being made a question below, can not be here, even if it were assigned in terms for error, which it is not. Leyenberger v. Rebanks, 55 Ill. App. 441; Heffron v. Brown, 54 Ill. App. 377; Giffert v. McGuern, 51 Ill. App. 387.

The statute relating to interest has nothing to do with this case except furnishing a rate if she be entitled to interest as "damages" under the condition of the bond.

The reason given in Chi. & N. W. R. R. v. Schultz, 55 Ill. 421, for allowing interest upon the value of a colt killed, by negligence, viz., that the owner was entitled to compensation, applies here. She "has not had the money or its use since" it was tied up by the appeal.

That is a damage to her, and by contract they are bound to pay the damage she sustained. The judgment is affirmed.