## Metropolitan Life Insurance Co. v. Caroline Quandt.

1. Insurance—*Waiver of Conditions.*—A provision of a policy of life insurance, that it should be void in case the insured was not in sound health at the time of its issuance, is waived by a collection of premiums thereon after knowledge by an agent of the insurance company, having authority to deliver policies and collect premiums.

2. SAME—*Question of Insurable Interest—When to be Raised.*—The objection that a beneficiary in a policy of life insurance has no insurable interest in the life of the person insured must be raised in the court below; it comes too late when raised for the first time in the Appellate Court.

3. WRITTEN INSTRUMENTS—*Secondary Evidence of the Contents of— Notice.*—An action on a policy of insurance is notice to the company to produce the application, and a statement by counsel for the company on the trial that such application is not in his possession is sufficient to entitle the opposite party to give secondary evidence of it.

Assumpsit, on a policy of insurance. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellant, contended that even if it be true that the agent knew of the illness of the insured when he delivered the policy and received the premium, this would not operate as a waiver by the company of the clause exempting the company from liability unless the insured was in sound health on the date of the policy. This clause is not like a representation that the insured was in sound health. Although a policy may be issued upon the faith of representations, they form no part of the contract, but are collateral to the contract. Where the defense is that a representation was false, the gist of the defense is that the insurance company was induced by fraud to enter into the contract. Evidence showing that the insurance company knew the representation to be false, therefore, does not contradict the policy, but only proves that the company was not, in fact, deceived, and therefore could not cancel the policy on the ground of fraud. But the clause in question forms a part of the contract, and to hold that it was waived is to change the contract. This is a palpable violation of the rule that a written agreement can not be contradicted or altered by parol testimony. Barrett v. U. M. F. Ins. Co., 7 Cush. 175; Mensing v. The Amer. Ins. Co., 36 Mo. App. 602.

CHARLES WERNO, attorney for appellee, contended that conditions like those under consideration are inserted in the

policy for the benefit and protection of the insurer, and may be waived, either before or after breach thereof; and when the agent of the company, through whom it must act in dealing with the public, knowing of the right of forfeiture, permits the assured to pay the premium to the company, he relying on his policy as valid and subsisting, the company will be held to have waived the condition. It would be grossly inequitable to permit the company to receive the premium from an assured who was induced thereby to rely upon his policy for indemnity and then insist upon a forfeiture from facts known by it to exist when the premium was paid. This we understand to be the rule laid down by text writers and supported by the adjudicated cases. Mutual Life Ins. Co. v. Amerman, 119 Ill. 335; Atlantic Ins. Co. v. Wright, 22 Ill. 463; Commercial Ins. Co. v. Ives, 56 Ill. 406; Germania Ins. Co. v. McKee, 94 Ill. 498; Andes Ins. Co. v. Shipman, 77 Ill. 189; Teutonia L. Ins. Co. v. Anderson, 77 Ill. 384; Germania L. Ins. Co. v. Koehler, 63 Ill. App. 88; Phœnix Ins. Co. v. Hart, 149 Ill. 513.

The provision may itself be waived, by the agent, and it is necessary to prove an express agreement, to waive in such case, but it may be inferred from the acts and conduct of the insurer. Dwelling House Ins. Co. v. Dowdall, 159 Ill. 184; Hilt v. Met. L. Ins. Co. (Mich.), 68 N. W. Rep. 300.

The appellant is an insurance company organized under the laws of the State of New York, and has its home office in New York City, and is doing business in this State under and by virtue of our statute in relation to life insurance companies. Section 193, chapter 73, Starr & Curtis' Statutes (2d Ed.), provides that:

"Whoever solicits insurance on behalf of any life company not chartered by and establised within this State, or transmits for any person other than himself an application for life insurance to or from such company, or advertises that he will receive or transmit the same, shall be held to be an agent of such company to all intents and purposes and subject to all the duties, requisitions, liabilities and penalties set forth in the laws of this State relating to life insurance companies not incorporated by the legislature thereof."

This statute is passed on in several Illinois cases which show conclusively that it is applicable to the case at bar, and that Fletcher was an agent of the defendant company to all intents and purposes (his acts therefore being the acts of the company), and that all persons with whom he had dealings for the company had the right to so regard him. Mich. Mutal Life Ins. Co. v. Hall, 60 Ill. App. 159; Continental Life Ins. Co. v. Ruckman, 127 Ill. 364; May on Insurance, Par. 144.

The insured had a perfect right to take out a policy on his own life for his mother's benefit and she even had a right to advance him the necessary means to do so. Ætna Life Ins. Co. v. France, 94 U. S. 561.

What is an insurable interest has been defined as follows:

" Any interest, whether pecuniary or arising from dependence or natural affection in the life of the person insured, constitutes an insurable interest." Insurance Co. v. Bailey, 13 Wall. (U. S.) 619.

In determining whether a parent has an insurable interest in a child, or a child in the life of a parent, the courts have held that mere relationship does not constitute an insurable interest, when the other facts and circumstances tend to show that the policy was a mere wager policy or speculation, and that the claimant has no interest whatever in the life of the insured; but when the facts and circumstances tend to show that the policy was not a speculation or wager policy, then mere relationship is sufficient to support a policy on the life of a son in favor of the mother, and on the life of a brother in favor of a sister. Reif v. U. M. L. Ins. Co. (Sup. Ct., Cincinnati), 17 Ins. Chronicle, 3; Ætna Life Ins. Co. v. France, 94 U. S. 561; Conn. Mut. L. Ins. Co. v. Schaefer, 94 U. S. 461; Loomis, Adm'r, v. Eagle, etc., Ins. Co., 6 Gray (Mass.), 396; Kane v. Reserve M. L. Ins. Co., 81 Pa. 154; Lord v. Dall, 12 Mass. 115.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT. This is an action upon a policy of life insurance issued

by the appellant upon the life of John W. R. Quandt, who was the son of the appellee.

There is but one question in the case which touches the real merits.

John was between seventeen and eighteen years of age, and was examined by a physician for the appellant about three weeks before the policy was issued. He was then in good health, and the fair inference from the evidence is that the physician then wrote an application for insurance on the life of the boy, payable in case of his death to the appellee.

The appellant is a New York corporation, and the course of business was that applications for insurance were sent to the appellant there, which, if it accepted the risk, sent the policy to its "superintendent" here. Under him was an agent who solicited insurance, delivered policies, and collected premiums. In accordance with the usual course of business, that agent carried the policy sued upon to the appellee, received from her the premium, and delivered to her the policy.

The boy was then sick, and she so told the agent, but he left the policy and took the premium.

There is nothing in the case to excite suspicion that there was then any apprehension of danger, though a physician had been called to attend the boy two or three times, and in five days thereafter he died.

Whether insurance is life or fire does not affect the extent to which a company is bound by the conduct of its agents. Mutual Life Ins. Co. v. Amerman, 119 Ill. 329.

In N. E. Fire & M. Ins. Co. v. Schettler, 38 Ill. 166, and in Ætna Ins. Co. v. Maguire, 51 Ill. 342, may be found some very vigorous and instructive language upon that branch of the law.

The only agent of the appellant with whom appellee had any actual dealing was the one who delivered to her the policy and received from her the premium. With him she had like dealing on a policy on the life of her husband. She could not read English, and had no reason to doubt the

extent of his authority. We regard his knowledge of the health of the boy as estopping the appellant to insist upon the language of the policy relieving the company from obligation unless at the date of the policy the boy was "in sound health." She acted in good faith; if the agent was too eager for business she had no notice of it.

The objection now made that she had no insurable interest in the life of her son—if ever available—comes too late. The record does not show that in terms it was specifically alluded to below. It was not among the reasons upon which a new trial was asked, nor is it here assigned as error. Hafner v. Herron, 60 Ill. App. 592; Nat. Bk. Ill. v. Baker, 58 Ill. App. 343; Opaque Cloth Shade Co. v. Veight, 161 Ill. 337.

And she has such interest. May on Ins., Sec. 107.

That in the application she was named as the payee of the policy, is very vaguely proved by the testimony of the appellee; but the application went into the possession of the appellant, and was made the basis of some pleas by it.

The action was notice to the appellant to produce the application. Continental Life Ins. Co. v. Rogers, 19 Ill. App. 580.

When counsel for appellant said on the trial that it was not in his possession, the appellee was entitled to give secondary evidence of it, which evidence the appellant might easily have refuted if it was not true. The evidence so given became strong by the absence of any contradiction. P., Ft. W. & C. Ry. v. Callaghan, 50 Ill. App. 676.

If the illness of the boy when the policy was delivered be not a just defense, it is inequitable for the appellant to attempt any other.

The judgment is affirmed.