## Iowa Life Ins. Co. v. Christian Zehr.

1. APPELLATE COURT PRACTICE—*Consideration of Matters Outside of the Record.*—The Appellate Court is precluded from considering a complaint that the court and counsel made remarks in the presence of the jury calculated to prejudice the rights of the appellant, where no language of such import is preserved in the record.

2. SAME—*Matters Relied upon to Reverse Must be Shown in the Record.*—The Appellate Court can not consider the statements and conclusions of counsel upon a point in the absence of such matter in the record.

3. SAME—*Not the Province of the Appellate Court to Reconcile Conflicting Evidence.*—It is not the province of the Appellate Court to reconcile conflicting evidence or to say that a verdict of a jury should have been the other way.

4. VERDICTS—*When Conclusive.*—Where the evidence is conflicting upon the material issues of the case, the decision of the jury is in general conclusive.

5. LIFE INSURANCE—*Statements in the Application.*—A person applying for a policy of life insurance is required to disclose in his application only such facts as are responsive to the questions asked him.

Assumpsit, on a policy of life insurance. Appeal from the Circuit Court of Tazewell County: the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

LLOYD G. KIRKLAND and E. L. BARBER, attorneys for appellant.

EWING, WIGHT & EWING, and W. R. CURRAN, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

By this appeal a reversal is sought of a judgment against appellant for $2,058.20 in favor of appellee as beneficiary in a policy of life insurance issued to Magdalena Zehr, his wife, July 27, 1897. Upon the declaration, seventeen pleas and replications, the issues were made up and a trial by jury was had, resulting in a verdict against appellant for $2,062.50, appellee remitting $4.30, and after overruling a motion for a new trial the judgment was entered by the court. At the trial the application for life insurance was read in evidence, by which Magdalena Zehr in substance stated and warranted that prior to July 27, 1897, she had never had pneumonia nor bronchitis, and the subsequent testimony bears upon the truth of those statements as the real and contested issue in the case.

One of the complaints lodged against this judgment is that the court and counsel for appellee made remarks in the presence of the jury which were calculated to prejudice the rights of appellant. We are precluded from a consideration of this complaint because no language of that import is preserved in the record, which is necessary and usual in such cases. We can not accept the statement and conclusion of counsel upon that point in the absence of subject-matter of record. The bill of exceptions is conclusive on this court, and where, as in this case, the matter is not there shown, we can not indulge a presumption of counsel that error was committed.

It is then argued that the verdict of the jury was against the weight of the evidence and the law. Dr. Ferris was produced and sworn as a witness, who testified that during April and May, 1896, he had treated Mrs. Zehr for both pneumonia and bronchitis; that he was the family physician and had called Dr. Crawford for consultation npon Mrs. Zehr's case and details the occasion of sending for him and of Crawford's visit and what he did. He further says that Mrs. Zehr's son was not ill at the same time and that Dr. Crawford did not examine the son. In his testimony Dr. Crawford contradicts this portion of Dr. Ferris' evidence

and says that he was called and consulted on the case of the son of Mrs. Zehr, who then was suffering from pneumonia, but did not examine the mother and did not know that she was ill.   The testimony of a domestic servant and of several neighbors rather tends to corroborate Dr. Ferris, while other witnesses tend to corroborate Dr. Crawford, and certain evidence of impeaching character was directed against Dr. Ferris.   Some of these witnesses allude to periods prior to July 27, 1897, when they say Mrs. Zehr coughed and looked ill; while the others remember her as a healthy, cheery, bright woman, strong and well.   It is conceded she died from pneumonia.   Taken altogether the evidence upon the material issues of the case is very conflicting. It is not the province of this court to reconcile such proof and to say that the verdict of the jury should have been the other way, as we are asked to do.   The burden of proving that the warranties of Mrs. Zehr failed, was upon the appellant; and unless it has sustained that burden and proved wherein such failure existed, in the absence of error upon the trial, the verdict of the jury must stand.   It is apparent the jury were satisfied Dr. Ferris was mistaken and, at least, that the failure of the warranties was not proved by a preponderance of the evidence, in the sharp conflict shown. All that is necessary or permitted for this court to determine in such state of the record is whether there is evidence to warrant and support the verdict.   We are satisfied there is, and that the decision of the jury in the state of the proof is conclusive of the issues.

The court refused to instruct the jury at the instance of appellant that it was the duty of Magdalena Zehr, in her application, to act in good faith toward appellant and to answer truly and fully the questions in the application; and if, then, the jury believe from the evidence that Mrs. Zehr, in 1896, was informed by her attending physician, Dr. Ferris, (if the jury believe from the evidence he was her attending physician at that time) that she had pneumonia, it was her duty to so state in her application; and if the jury believe from the evidence that she was so informed

at any time prior to the date of said application, then in such case the verdict must be for defendant. The duties of Mrs. Zehr to appellant with reference to her application were fully stated in other instructions given; but this instruction assumes that Mrs. Zehr was required to state in the application what the physician had said about her illness, and omits any reference to the point whether information of that nature was sought in the application. The application contained no interrogatory designed to elicit this information, and it is familiar doctrine that the assured is required to disclose only such facts as are responsive to the questions asked. On the whole, we think the instruction was correctly refused.

We are unable to see where anything prejudicial to the appellant occurred on the trial, and in the condition of the record the verdict of the jury must stand. The judgment of the Circuit Court will be affirmed.