T. J. BOWMAN, Father of James Bowman, Deceased, Plaintiff-Appellee, *v.* ZENITH LIFE INSURANCE COMPANY, Defendant-Appellant.

First District (3rd Division)   No. 78-765

Opinion filed December 20, 1978.

Francis J. Valentine, Ltd., and Edward A. Berman, Ltd., both of Chicago (Edward A. Berman, of counsel), for appellant.

Harold H. Margules, of Chicago (Charles T. Booher, Jr., of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, T. J. Bowman, commenced this action to recover as the beneficiary under an insurance policy purchased by him on the life of his

son, James Bowman. After a trial without a jury, the court entered a judgment in favor of plaintiff for $3,000, the face value of the policy. Defendant appeals. Its principal contention in the trial court and in this court is that plaintiff had no insurable interest in the life of his son and, therefore, that the policy was void at its inception.

On February 3, 1974, plaintiff applied to defendant for the policy in question through one of defendant's agents, and the policy was issued. The son was unaware that plaintiff had applied for the insurance. The son lived with his mother most of his life and not with plaintiff. Plaintiff did not know if his son was working prior to his death which occurred on March 3, 1974.

The trial court specifically found that "[t]he defense urged by the defendant that the plaintiff had no insurable interest in the life of his son is without merit in that the father had a reasonable expectation of receiving financial support from his son in his declining years, if needed."

■■■ Defendant argues that the trial court erred in holding that plaintiff had an insurable interest in the life of his son. The requirement that one obtaining a policy of insurance upon the life of another must have an insurable interest therein is founded upon a public policy which "forbids one person who has no interest in the continuance of the life of another from speculating on that life by procuring a policy of insurance." (*Colgrove v. Lowe* (1931), 343 Ill. 360, 363, 175 N.E. 569, *cert. denied* (1931), 284 U.S. 639, 76 L. Ed. 544, 52 S. Ct. 21.) The lack of an insurable interest renders the policy "a pure wager that gives the insured a sinister counter interest in having the life come to an end." (*Grigsby v. Russell* (1911), 222 U.S. 149, 154, 56 L. Ed. 133, 136, 32 S. Ct. 58.) In the present case, we cannot say that the policy of insurance procured by plaintiff upon the life of his son was a pure wager. We believe the face amount of the policy is not grossly disproportionate to the extent of plaintiff's interest. This factor is an indication that plaintiff acted in good faith in obtaining the policy. (See *Guardian Mutual Life Insurance Co. v. Hogan* (1875), 80 Ill. 35.) The trial court correctly held that plaintiff did have an insurable interest in his son's life. See *Metropolitan Life Insurance Co. v. Quandt* (1897), 69 Ill. App. 649.

Defendant further argues that certain statements in connection with the policy were not answered truthfully by plaintiff and thereby the policy was voided. Defendant's agent came to plaintiff's home to prepare the latter's application for the insurance policy. At that time, plaintiff was asked the following questions, the answers to which the agent recorded on the application:

"1. Are you now in good health and free from impairment or disease? Answer—Yes.

2. Are you now receiving or contemplating any medical attention or surgical treatment? Answer—No.

3. Have you during the past five years consulted any physician or other practitioner or been confined to any hospital, sanitarium or similar institution? Answer—No."

At trial, it was stipulated that plaintiff's son had a preexisting diabetic condition. Defendant's claims manager testified that defendant would not have issued the policy had it known this fact at the time the application was made.

■■■ Defendant maintains that the foregoing answers were not truthful. It urges further that, even if the answers were given in good faith, such conduct amounted to a misrepresentation which materially affected defendant's decision to issue the policy. Plaintiff's testimony, which is uncontradicted by any other evidence, was that he believed defendant's agent was inquiring into his own health due to the manner in which the questions were phrased. Since plaintiff himself signed the application, the completed application supports plaintiff's belief. In completing the application, plaintiff was required to disclose only such facts as were responsive to the questions asked. (See *Iowa Life Ins. Co. v. Zehr* (1900), 91 Ill. App. 93.) The trial court correctly found that plaintiff was not guilty of any misrepresentation which would entitle defendant to void the policy.

For the foregoing reasons, the judgment of the circuit court of Cook County awarding judgment to plaintiff in the amount of $3,000 is affirmed.

Judgment affirmed.

SIMON, P. J., and JIGANTI, J., concur.