PERRY FRAZER *et al.*

*v.*

GEORGE S. SMITH *et al.*

60  145
50a  40.

60  145
58a  525

60  145
e104a³260

60  145
208  ²140

1. ALLEGATIONS AND PROOFS—*variance.* To constitute a variance there must be a substantial departure from the issue, in the evidence adduced, and it must be in some material matter which, in point of law, is essential to the charge or claim.

2. In an action to recover damages for the breach of a contract, the declaration alleged the contract to have been made on the 20th day of February, 1868, to repair and put in good order a still apparatus and column for the manufacture of alcohol, to be performed within and during the period of six weeks from and after that day, with breach that the defendant did not perform within that time, averring damage by reason of loss of use of the machinery. The proof showed that the contract was made on the 1st day of March, 1868, and that the defendant was to complete the same in thirty days: *Held,* there was no substantial variance between the allegation and proof. The time of making the contract was not of the essence.

3. MEASURE OF DAMAGES, *in such case.* In cases of such character, the measure of damages is not prospective gains unless there should be shown outstanding contracts to be performed by the machinery to be furnished. In this case, the averment in the declaration was, that the plaintiff was deprived of the use of the still for two months, during which time he might

10—60TH ILL.

and would have manufactured large quantities of alcohol, from which he would have derived great gains. This was regarded as prospective, and too remote to be an element of damages.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

This was an action of assumpsit, brought by George Smith and others against Perry Frazer and others, to recover for damages resulting to the plaintiffs by reason of the failure on the part of the defendants to comply with the terms of their contract to repair and put in good order for the plaintiffs certain machinery. A trial in the circuit court resulted in a verdict and judgment for the plaintiffs. The defendants appeal.

Messrs. McCULLOCH & RICE, for the appellants.

Mr. C. A. ROBERTS and Mr. N. W. GREEN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Several points are made on this record, the most important of which will be noticed. The first is, a variance between the contract set out in the declaration, and the one proved.

The contract is alleged in the declaration to have been made on the 20th day of February, 1868, to repair and put in good order a still apparatus and column for manufacturing alcohol, to be done and performed within and during the period of six weeks from and after that day.

The proof by the plaintiff Maus, one of the contracting parties, is, that they made the contract on the first day of March, 1868, with defendants, who were to complete the same in thirty days.

There is *prima facie* a variance, but it is not a substantial one. The averment that the contract was to be performed within and during a period of six weeks from the 20th day of February, 1868, is, for all practical purposes, the same as a contract made on the first day of March, and to be performed

in thirty days from that day. It is certain a recovery on the contract, as described, would be a bar to any future recovery for the same cause. The time of making the contract is not of the essence. As this court said, in *Wheeler* v. *Read et al.* 36 Ill. 85, a variance is understood to be a substantial departure from the issue in the evidence adduced, and must be in some matter which, in point of law, is essential to the charge or claim, and the reason is, that the defendant may not be subject to another action for the same cause set out with more certainty and precision in another suit. It is not to be questioned that the defendants could protect themselves under this judgment and recovery, should the same claim come again in controversy.

It is also argued that the verdict was contrary to the evidence. This is a character of objection which seldom prevails where the evidence was conflicting, as it was in this case, unless the finding is against the clear preponderance of the evidence. We can not say such is the case if the rule of damages laid down by the court was correct, and to that we.come, and it is the principal point in the case.

This court has decided, in cases kindred to this, that the measure of damages is not prospective gains, unless there should be shown outstanding contracts to be performed by the machinery to be furnished. There is no averment in the declaration of such, the only averment being that the plaintiffs were deprived of the use of the still for two months, during which time they might and would have manufactured large quantities of alcohol, from which they would have derived great gains. This is all prospective, and too remote to be an element of damages.

In this view, the defendants' ninth instruction should have been given. Refusing to give it was error, and for the error the judgment must be reversed, and the cause remanded.

*Judgment reversed.*