## Consumers' Pure Ice Company v. Robert E. Jenkins, Assignee of the Consolidated Ice Machine Company.

1. DAMAGES—*Prospective Profits.*—Calculations as to prospective profits in other enterprises in which a party plaintiff would have engaged had his contract with the defendant been fulfilled, are too remote to form the basis of damages occasioned by the breach of the contract.

2. SAME—*Failure to Supply a Machine.*—The damage for a failure to supply a machine is the value of the use of it.

3. PROSPECTIVE PROFITS—*Not Recoverable as Damages.*—When a party, being about to embark in a new business, is wrongfully prevented by another, he can not recover expected profits because there can be nothing to show that such profits would have been made.

4. INTEREST—*On Instruments in Writing.*—It is proper to allow interest upon a balance due upon a written contract for the furnishing of an ice machine; such a contract is an instrument in writing within the meaning of the statute.

Assumpsit.—Breach of contract. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

APPELLANT'S BRIEF, BARNUM, HUMPHREY & BARNUM, ATTORNEYS.

A party injured is entitled to recover all his damages, including the gains prevented as well as losses sustained, and this rule is subject to but two conditions: the damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, that is, must be such as might naturally be expected to follow its violation, and they must be certain both in their nature and in respect to the cause from which they proceed. So they must be definite and certain and clearly consequent upon a breach of the contract. Masterton v. Mayor, etc., 7 Hill 61; Griffin v. Colver, 16 N. Y. 489; Mesmore v. N. Y. Shot & Lead Co., 40 N. Y. 422; 2 Sutherland on Damages, 432, 433; Philadelphia, etc., R. R. Co. v. Howard, 13 How. 307; Fox v. Harding, 7 Cush. 552; Sedgwick on Damages (8th Ed.), Sec. 133, and cases there cited;

Hadley v. Baxendale, 26 E. L. & Eq. 329, 9 Exc. 341; Hydraulic E. Co. v. McHaffie, 4 Q. B. Div. 670; Harrow Spring Co. v. Whipple Harrow Co., 51 N. W. Rep. 197; Brownell v. Chapman, 51 N. W. Rep. 249.

Where it clearly appears that the defendant has interrupted an established business from which the plaintiff expected to realize profits, the plaintiff should recover compensation for whatever profits he makes it reasonably certain he should have realized. Here, as elsewhere, the question is one of fact whether the profits can be proved with reasonable certainty. Sedgwick on Damages, Sec. 182; Lawrence v. Hagerman, 56 Ill. 68; Chapman v. Kirby, 49 Ill. 211; Dobbins v. Duquid, 65 Ill. 464; Smith v. Wunderlich, 70 Ill. 426.

Where one party agrees with another to put in place certain machinery, which the first party agrees and guarantees shall be of certain qualities and possess certain capabilities, such guaranty will be treated as a warranty, and its nonfulfillment will be regarded as a breach of warranty. Underwood et al. v. Wolf, 131 Ill. 425.

A party must comply with the terms of his contract before he can reap its reward. Eldridge v. Rowe, 2 Gil. 91; Schwartz v. Saunders, 46 Ill. 18; Dehler v. Held, 50 Ill. 491; Knickerbocker L. I. Co. v. Seeleman, 83 Ill. 446; Pennsylvania Coal Co. v. Ryan, 107 Ill. 226.

Where the right of a party to recover under the contract is doubtful, and is contested on reasonable grounds, and the amount due him requires to be adjudicated, interest is only recoverable after the right of the party to recover and the amount of the recovery have been determined. The Isaac Newton, 1 Abb. (Adm'r R.) 588; Shipman v. State, 44 Wis. 458; Thorndyke v. Wells Memorial Ass'n, 16 N. E. Rep. 747.

At common law no interest was allowed in cases of this character, as there is here no special agreement for the payment of interest. Its recovery, in this State, depends entirely upon the statute, and if it is not authorized by the statute, no recovery therefor can be had. Harts v. Fowler,

53 Ill. App. 245; Greenhood v. Town of La Salle, 137 Ill. 230; Fowler v. Harts, 149 Ill. 592.

The interposition of a defense in good faith can not be construed into a withholding of money by an unreasonable and vexatious delay of payment. Aldrich v. Dunham, 16 Ill. 403; West Chicago Alcohol Works v. Sheer, 104 Ill. 586; County of Franklin v. Layman et al., 145 Ill. 138.

### Appellee's Brief, Tatham & Webster, Attorneys.

Appellee contended that as to the allowance of interest, in Downey v. O'Donnell, 92 Ill. 559, it was held, that a contract for the erection of a building was an instrument of writing, within the meaning of the statute, upon which interest was properly allowed, and that there is no distinction in principle between a contract for erecting a building, and one for the erection of an ice plant.

In any case, the rule contended for by appellant as the measure of damages, is in violation of all the authorities in this State and elsewhere. It is, stated succinctly, the estimated profits which might have been derived from sales which might have been made of ice that might have been manufactured, if the machines had been in working order at the respective times specified.

The practically unanimous consensus of authority is against the contention that estimated profits form a proper basis of recovery in this case. Green v. Mann, 11 Ill. 613; Priestly v. N. I. & C. R. R. Co., 26 Ill. 206; Phelan v. Andrews, 52 Ill. 486; Benton v. Fay, 64 Ill. 417; Strawn v. Coggswell, 28 Ill. 458; Underwood v. Wolf, 131 Ill. 425; Frazer v. Smith, 60 Ill. 145; Pennypacker v. Jones, 106 Pa. St. 237; Howard v. S. & B. Mfg. Co., 139 U. S. 199; Arctic Ice Mach. Mfg. Co. v. Maryland I. Co., 26 Atl. Rep. 496; S. C., 29 Atl. Rep. 69; Brownell v. Chapman, 51 N. W. Rep. 249; Hutchinson Mfg. Co. v. Peach, 51 N. W. Rep. 930.

" When a defendant fails to furnish machinery for a new use, he can not be held to compensate plaintiff for the profits he might have made. The measure of damages is the ordinary value of the use of the machine." 1 Sedgwick on Damages (8th Ed.) Sec. 183.

"When machinery is not furnished according to agreement the measure of damages is the value of the use of it. Expected profits in such a case are entirely too contingent." 1 Sedgwick on Damages, Sec. 190, and cases cited; Rogers v. Bemis, 69 Pa. St. 432; Griffen v. Colver, 16 N. Y. 489.

Messrs. KNIGHT & BROWN, also for appellee.

It is contended that the question as to what damages a party can recover upon a breach of contract for the sale of machinery has been settled by the United States Supreme Court. Howard v. Stillwell, 139 U. S. 199; Cincinnati S. G. I. Co. v. The Western S. S. Co., 152 U. S. 200. In which cases it is held that prospective profits which might have been realized can not be recovered.

In 2 Greenleaf on Evidence, Sec. 256, in speaking of what damages might be recovered, it is said : " But if they are such as would have been realized by the party from other independent and collateral undertakings, although entered into in consequence and on the faith of the principal contract, then they are too uncertain and remote to be taken into consideration as part of the damages occasioned by a breach of the contract." See also Pennypacker v. Jones, 106 Pa. St. 237.

In Thompson v. Shattuck, 2 Metc. 615, it was held the profits of a mill depending upon the repairs of a dam can not be recovered in an action for failure to make repairs.

In City of Chicago v. Huenerbein, 85 Ill. 594, suit was brought for overflow to plaintiff's land, and it was held: " The supposed value of crops which might have been raised was too remote and speculative."

In Chicago City Ry. Co. v. Howison, 86 Ill. 215, it was held that profits which might have been made by use of a railway track, were too speculative and uncertain to recover damages upon an injunction bond.

In Benton v. Fay, 64 Ill. 417, it was held that no evidence should be received as to probable profits for a failure to comply with the contract to furnish certain machinery.

In Underwood v. Wolf, 131 Ill. 421, it was held, that the

damages for breach of a warrant of machinery did not include probable profits or prospective gains.

In Frazier v. Smith, 60 Ill. 145, it was held that prospective gains could not be assessed as damages unless there could be shown outstanding contracts to be performed, and it was claimed that the party was deprived of the use of the still for two months, during which time they might and would have manufactured large quantities of alcohol from which they would have derived great gains. It was held that that was prospective and too remote to be an element of damages.

There was no averment of declaration in that case that there were any oustanding contracts, neither is there any such averment in the pleadings in this case.

To the same effect is Arctic Ice Mach. Mfg. Co. v. Maryland Co., 26 Atl. Rep. 496.

In Brownell v. Chapman, 51 N. W. Rep. 249, it was held that a party could not recover profit which might have been made by use of a pleasure boat at a summer resort.

In John Hutchinson Mfg. Co. v. Pruch, 51 N. W. Rep. 930, it was held that a party could not recover for grain destroyed in testing a flour mill during the time of test, and neither could it recover for prospective profits.

In Rogers v. Bemus, 69 Pa. St. 432, it was held that probable profit for the manufacture of lumber would be too remote, contingent and speculative. Griffin v. Colver, 16 N. Y. 489, is a leading case in the United States upon this subject, and holds that a party could not recover for prospective profits that might have been made by use of certain machinery for sawing and planing lumber for which the engine sold in that case was intended to drive, and which the plaintiff knew it intended to drive. See also the case of Jones v. Northrup, 7 Col. 1; R. R. Co. v. Richards, 40 Ill. App. 560; Hill v. Parsons, 110 Ill. 107; Fox v. Harding, 7 Cush. 516.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

In the early part of the year 1890, The Consumers' Pure Ice Company entered into a written contract with the Con-

solidated Ice Machine Company by which the latter under-
took for the sum of $90,000 to build and complete ready for
use, in the language of its proposition "one of our most
complete and latest improved one hundred and twenty ton
ice making plants, consisting of two separate and distinct
sixty ton ice machines and appurtenances, apparatus and
connections therewith in accordance with the following spec-
ifications, viz.:"

The plant was not completed at the specified time, and
various disagreements grew out of the contract.

The Ice Machine Company insisted that the delay was
caused by the Consumers' Company, that extra work was
done for it upon its order, and demanded payment. A con-
siderable amount had been paid upon the contract when the
Ice Machine Company became insolvent and appellee was
made its assignee.

Appellant and appellee being unable to agree, this suit to
recover a balance claimed to be due was brought, with the
result of a finding and judgment for appellee, the trial hav-
ing been by the court without a jury. The following state-
ment by the court appears in the record:

"In this case the finding will be for the plaintiff in the
sum of $40,425. This is made up of $4,000 extras, interest
for three years and one-half at five per cent on $31,000,
$1,000 is deducted for building and brick in changing smoke
stack by agreement and $8,000 for delay."

We see no sufficient reason for interfering with the con-
clusion of the court as to the $4,000 for extras, and $1,000 for
building and brick in changing smoke stack. In respect to
these matters the questions are substantially of fact. As to
the $8,000 allowed for delay, we do not agree with appellant
in its contention that the proper way to arrive at such dam-
age is to take estimates of the profits that could have been
made had the plant been completed when promised.

No method much more likely to mislead could well be
devised. Such estimate is purely conjectural. A thousand
things might have prevented the realization of the profits
sanguine witnesses estimate could have seen. Customers

may fail to pay; rivalry may cause a decline in price; accidents may suspend business; injuries to employes or strangers may cause loss; dishonesty may sweep away funds.

The real reason why estimates of profits that could have been made is not the proper criterion for ascertaining damages in such a case, is because such is not the method pointed out by the law. Calculations as to prospective profits in other enterprises which a party would have engaged in, had his contract with a defendant been fulfilled, are altogether too remote to form the basis of damages occasioned by the breach of such contracts. Fox et al. v. Harding et al., 7 Cushing 516; 2 Greenleaf on Evidence, Sec. 256; City of Chicago v. Huenerbein, 85 Ill. 594; Chicago City Ry. Co. v. Howinson, 86 Ill. 215; Frazier v. Smith, 60 Ill. 145; Benton v. Fay, 64 Ill. 417.

When a party being about to embark in a new business is wrongfully prevented by another, he can not recover expected profits, for there is nothing to prove that such profits would have been made. 1 Sedgwick on Dam., Sec. 183; Green v. Williams, 46 Ill. 206; Hair v. Barnes, 26 Ill. App. 580.

The damage for a failure to supply a machine is the value of the use of it, i. e., what could such a machine have been rented for; what would the rental of such a plant be worth. Sedgwick on Damages, Secs. 183, 186.

We therefore see no sufficient reason for disturbing the conclusion of the court that the sum of $31,000 was due appellee, three and a half years prior to the entry of judgment.

As to the allowance of interest the case of Downey v. O'Donnell, 92 Ill. 559, seems to a majority of the court to conclusively establish the right to recover, upon the written contract, interest upon whatever sum has been improperly withheld. See, also, Morris v. Wifaux, 47 Ill. App. 630.

Appellant has had the use of this plant for three and a half years, enjoyed for that period the benefit of appellee's services and disbursements, and if by the statute interest is given in such case, we see no hardship therein to appellant.

The judgment of the Circuit Court is therefore affirmed.