## Katherine O'Conner v. Daniel Nolan.

1. DAMAGES—*Breach of Contract.*—Damages, however proximately they follow the breach of a contract, can not be recovered unless, under the circumstances, they are a natural result of the breach.

2. SAME—*What are not Natural Results of the Breach.*—The plaintiff, who was employed at the stock yards, entered into a contract to buy a saloon, and gave up his employment. Afterward the defendant refused to perform her contract of sale, and, in consequence, the plaintiff remained idle for six months. In an action to recover damages, it was held that his inability to obtain employment was not a natural result of the breach of the contract.

Assumpsit, breach of contract. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed May 14, 1896.

BURTON & REICHMANN, attorneys for appellant.

MASTERSON & HAFT, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action to recover damages for an alleged breach of contract to sell the fixtures and lease of a saloon. Appellee claimed, and has evidently recovered, wages he might have earned at the stock yards, had he not, in consequence of the bargain, given up his place, and thus, as he says, despite his efforts, remained idle for six months.

Appellee pleaded and also gave evidence that at the time

the bargain was made, he told appellant that he would give up his place at the stock yards and look after the saloon.

The general rule that in an action for breach of contract a party can recover the damages which naturally result from the act complained of, is well understood; but there has been much discussion and many decisions, not entirely harmonious, as to the recovery of special damages because of the existence of special circumstances.

Damages, however proximately they follow a breach of contract, can not be recovered unless under the circumstances they were a natural result of the breach; that is, in order that compensation for injury may be recovered, the injury must be such as, according to the usual course of events, might, under like circumstances, have been expected. Sedgwick on Damages, Vol. 1, Sec. 142.

The case of Hadley v. Boxendale, 26 Eng. L. and Eq. 396, has been so much commented on, both in England and this country, that Sedgwick, in a note to the eighth edition of his work on damages, says that the great body of cases since decided involving the measure of damages for breach of contract, resolve themselves into a continuous commentary upon it. This case is the leading one to which resort is had for an extension of the claim for special damages, that is, unusual damages resulting from the existence of unusual circumstances, a knowledge of which was possessed by the contracting parties when the contract was made.

It will be observed, however, that the commentaries upon Hadley v. Boxendale are rather upon what was said in deciding the case, than what was necessarily decided by the judgment. The special damages claimed in that case, loss of profits that might have been made by a mill, were not allowed.

It is, adopting the language used in Hadley v. Boxendale, only the damages which would ordinarily flow from a breach under the circumstances, known to the parties at the time the contract was made, that can be recovered under allegation and proof of special damages. The subject is discussed at considerable length in Sedgwick on Damages, Vol. 1, Sec. 142 to 169.

We have recently held, in Consumers' Ice Co. v. Jenkins, 58 Ill. App. 519, that expected profits can not be recovered in an action for failure to supply machinery as promised.

In the present case, we do not deem the inability of the plaintiff to, for six months, obtain employment, a natural consequence of the circumstances known to the parties when this contract was made. That the plaintiff did, because of his bargain, throw up his engagement, is true; but neither such abandonment of his situation, nor consequent illness, was a natural result of his purchase of appellant's saloon, or of the refusal of appellant to perform her agreement.

The utmost that appellant knew was, that appellee contemplated giving up his situation at the stock yards, if he purchased the saloon. Appellee was not bound to any one, to, in case of purchase of the saloon, give up his situation. He might have kept his place and also the saloon. Appellee had no sub-contract, the performance of which depended upon his obtaining the saloon. The special damages to him awarded, he was not entitled to, and the judgment must be reversed. Reversed and remanded.