66   647
169s 536

## Rouse, Hazard & Co. v. Western Wheel Works.

1. INTEREST—*When Allowed on Open Accounts.*—Where goods are sold under the provisions of a written contract which designates the times at which payments are to be made, interest will be allowed upon all sums not paid when due, from the time agreed upon for payment, whether the delay is unreasonable or vexatious or not.

2. CONTRACTS—*Provision for Termination Will be Enforced.*—A contract contained provisions that the party of the second part should pay for all goods sold under its terms, during each month, within ninety days from the first day of the month following, and that a failure by the party of the second part to perform any of his covenants should give the party of the first part the right to terminate the contract by giving written notice of his election so to do. On October 1st a notice of termination for failure to pay for goods sold during the preceding June was served, and on October 2d, payment of the amount due was made. *Held,* that the contract had been legally terminated, and that the payment made after notice of such termination did not reinstate it.

Assumpsit, upon a contract of sale. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge. presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

GEO. W. SMITH, STEVENS, HORTON & ABBOTT, and FRANK P. BLAIR, attorneys for appellant.

CHANNING M. COLEMAN and BARNUM, HUMPHREY & BARNUM, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

Both parties are Illinois corporations engaged in the manufacture and sale of bicycles, and on December 15, 1893, entered into a written contract, of that date, concerning the agency and sale within a specified territory, by the appellant, of the wheels of the appellee. The location and principal office of the appellant was at Peoria, and that of appellee was at Chicago.

By the terms of the contract it was to continue in force during the year 1894, unless sooner terminated in the manner provided therein, and an option was given to the appellant to renew the agreement, from year to year, for five years longer, upon giving to the appellee a written notice of its intention to renew the same at least thirty days before the expiration of any calendar year for which the agreement should be renewed.

The contract contained agreements by the appellant that it would work the territory covered by the agency in a thorough manner, and do everything possible to maintain the reputation, and increase the sale of appellee's wheels, and would in the utmost good faith make every effort to sell the same.

On the part of appellee, it was agreed that it would consign to appellant, wheels in such quantities as should be agreed upon by the parties from time to time, and the appellant agreed to pay, within ninety days from the first day of each month, for all wheels so consigned and sold by appellant during the preceding month.

It was also agreed that if appellant should neglect, fail, or refuse to perform, keep or observe, any of its covenants, then the appellee should have the right to terminate the contract by serving appellant with a written notice of such termination.

Controversies arose between the parties, and under date of October 1, 1894, the appellee served notice upon the appellant that it elected to and did terminate the contract, upon two grounds : first, because of failure to pay, within ninety days from July 1, 1894, the amount due on account of June sales; and, secondly, for failure to comply with the terms of the contract, concerning the working of territory and increasing the sales and reputation of appellee's wheels.

On the next day the appellant sent to appellee a draft for the amount of the June sales, which was kept by appellee.

Correspondence ensued, in which the appellant insisted that it had performed everything required by the contract, and demanded that appellee should continue to furnish wheels, but the appellee refused to withdraw its notice of termination of the contract and insisted that such notice must be regarded as final. In the same month of October, the appellant gave notice to the appellee that it elected to continue the contract, for a period, first, of one year, and afterward for a period of five years, from January 1, 1895, upon the terms, etc., contained in the contract.

And, subsequently, the appellee began this suit upon the contract, for the amount due from consignments and sales thereunder, and upon a trial, without a jury, the court gave the judgment for $16,630, which is appealed from.

The appellant gave notice of set-off under the general issue, claiming that the contract was wrongfully attempted to be terminated by the appellee, who thereafterward refused to perform it, whereby appellant suffered damage, "being the profits which said defendant (appellant) would have realized on the sale thereafter" * * * of bicycles, had the appellant not been prevented by the wrongful acts of the appellee, from performing the contract.

The notice of set-off also set up the notice that appellant served upon appellee, of its election to continue the contract in force for five years longer, and averred great damage to the appellant from its loss of commissions, for the unexpired part of 1894, and for the five years thereafter following, because of the wrongful act of the appellee in terminating the contract and refusing to continue it.

There is no contention but that the judgment was for the amount of sales for the months of July, August and September, 1894, after allowing commissions and discounts, with interest at the legal rate. In that regard the only objection is that interest was allowed, the delay not being unreasonable, nor the refusal to pay, vexatious.

The money was due upon an "instrument of writing," and interest was properly allowed. See cases collected in Morris v. Wibaux, 47 Ill. App. 630, affirmed in 159 Ill. 627, and Consumers Pure Ice Co. v. Jenkins, 58 Ill. App. 519.

Upon the main question of whether the appellee was entitled to terminate the contract when the notice of October 1, 1894, was given, we do not think there can be doubt.

The right to terminate the contract for failure by appellant to make payments as required, was as certainly conferred upon the appellee as words could make it.

The payment which was defaulted in was that for June sales, and it fell due ninety days from July 1st, which was on September 28th. The notice of termination was given on October 1st.

The agreement was that if appellant should "neglect, fail or refuse" to pay as he agreed to do, appellee should have the right to end the contract, and the right so conferred by agreement of the parties was exercised.

There is no question but that the money due for June was not paid until after the notice of termination was served. The making of such payment, subsequently, did not reinstate the contract. The appellee had as much right after, as before, the cancellation of the contract, to accept what was its due.

So holding, all other questions are eliminated from the case, and the judgment of the Circuit Court is affirmed.