## Charles Husche v. Fred A. Sass.

1.  HUSBAND AND WIFE—*Wife has no Authority to Collect Salary Due Husband.*—An employer has no right to pay money due his employe to the employe's wife unless instructed to do so, and if instructed, must follow the terms of his authority.

Assumpsit, on the common counts. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Mr. Justice WATERMAN dissenting. Opinion filed December 14, 1896.

WILBER, ELDRIDGE & ALDEN, attorneys for appellant.

A payment by a debtor to the wife of a creditor is a payment to the creditor, and more especially so, as in this case, where the debtor has instructions from the creditor to so pay the debt. Haralson v. Bridges, 14 Ill. 37; Noble v. Nugent, 89 Ill. 522; Poppers v. Miller, 14 Brad. 87.

SCHINTZ & IVES, attorneys for appellee.

A wife has no authority in law to act for her husband, except for the purpose of realizing her right to support; in all other cases she must be his agent in fact. 9 Am. & Eng. Enc. of Law, 839, Note 12; Schouler on Domestic Relations, Sec. 72.

The husband is not bound by his wife's contracts, unless they are made by his authority, or with his concurrence, except he makes no provision for her. Martin v. Robson, 65 Ill. 134; Compton v. Bates, 10 Ill. App. 78; Gaffield v. Scott, 40 Ill. App. 380.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee had been in the service of the appellant as traveling salesman. The appellant claims that such service terminated with the month of May, 1895, and August 16, 1895, made a statement of account, showing himself indebted to the appellee $143.50.

In that statement the appellant charged the appellee with $100 for which a check had been given August 14, 1895, by the appellant to the wife of the appellee, under instructions given by the latter some months before, as he was going out upon a trip, to pay to her $25 per week for two weeks, and $5 per week thereafter, which instructions appellant followed to the extent of paying $75.

Aside from the consideration that such instructions could hardly be considered to remain in force seventy-five days

after the appellee had left the service, a check of $100 is not justified by instructions to pay $5 per week.

Disallowing that charge of $100, the verdict of the jury exactly agrees with the statement made by the appellant.

We need not spend time on other features of the case. The appellant is not wronged upon his own showing, for his claim of set-off for probable profits, if the appellee had not left his service, is without warrant of law. Consumers' Pure Ice Co. v. Jenkins, 58 Ill. App. 519.

The judgment is affirmed.

MR. JUSTICE WATERMAN dissents.