## Peter Lapp et al. v. Illinois Watch Company.

1. VENDOR AND VENDEE—*Prospective Profits Not Allowable.*—In an action by a vendee against a vendor for a failure to deliver goods contracted for, that frequently spoken of as prospective profits, is not allowable. Profits which are so uncertain as to rest in conjecture as to what the result of subsequent dealings or labor will be, are not recoverable; for the reason, first, that a vendee can not, by his subsequent conduct, increase the damage for which his vendor is liable, and second,

because such profits are not presumed to have entered into the mind of the vendor in making the sale.

2. SAME—*Where Vendor is Informed at the Time of the Sale that the Goods Are Purchased by a Merchant to Fulfill Contracts Already Made by Him for Their Sale.*—Where the vendor is informed at the time of the sale that the goods are purchased by a merchant to fulfill contracts already made by him for their sale, the vendor is presumed to have, in making the sale, contemplated that the merchant expected to make a profit upon the goods that had been already ordered from him, and the loss of such expected profit, if occasioned by a failure to deliver the goods to him, may be recovered in a suit by him brought against his vendor.

3. WORDS AND PHRASES—*Orders.*—The term "orders" is frequently used by merchants as equivalent to contracts, or as meaning orders yet outstanding and which may yet be accepted by the party to whom they were given.

4. EVIDENCE—*That Plaintiff Had Orders for Goods Purchased from Defendant at Time of Purchase.*—In an action by a vendee against his vendor for prospective profits arising from goods purchased and not delivered, evidence is admissible tending to prove that at the time of the purchase the vendee had contracts or orders for the sale of such goods as the vendor agreed to deliver him, and if the goods it purchased had been delivered to it as agreed, it would have made a profit on such goods or orders.

**Assumpsit,** for goods sold and delivered. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed November 28, 1902. Petition for rehearing denied December 12, 1902.

This was an action of assumpsit to recover for goods sold and delivered. The defendant filed the general issue and two special pleas, one of which is in part as follows:

"That the plaintiff was, before and at the time of the commencement of this suit, and still is, indebted to them, the defendants, in the sum of, to wit, $500; that the claim sued for herein and referred to in the plaintiff's declaration is for money claimed to be due to the plaintiff from the defendants for goods sold and delivered by the plaintiff to the defendants under two certain contracts made between the plaintiff and the defendants on April 3, 1900, and May 18, 1900, respectively; that by virtue of said contract of April 3, 1900, the plaintiff agreed to sell and deliver to the defendants, and the defendants agreed to

receive and pay for, the following watch movements:" (Setting forth the same.)

" And the defendants aver that they were, at all times, ready and willing to receive and pay for all of said merchandise at the prices agreed upon and at the time stated for the delivery thereof, and it was necessary for the defendants to have such merchandise promptly at the times agreed upon for delivery as stated, and the defendants repeatedly demanded the delivery of said goods at the times mentioned in said contracts; that the plaintiffs failed to deliver said goods as demanded by the defendants, and as required by said contracts, and that there was still undelivered on the 30th day of September, 1900, the date of the expiration of said contracts, of the said goods described in said contracts, the following:" (Setting forth the same.) " But that there still remain eighty-nine of said movements undelivered under the terms of said contracts; that the delay and failure in delivering said merchandise was entirely the fault of the plaintiff and not in any way due to any default on the part of the defendants; that said movements were ordered and required for sale in the wholesale business of the defendants, and that said movements were to be supplied by the plaintiff to the defendants for the purpose of resale by the defendants in connection with watch cases, as the plaintiff well knew at the date of said contracts; that defendants at the date of said contracts, had a large number of orders for Elgin and Waltham movements to be used in watches as above set forth, and that the defendants ordered movements of plaintiff, said Illinois Watch Company, for the express purpose, as the plaintiff then well knew, of using them to fill said orders for said Elgin and Waltham movements, of which movements there was a great scarcity at the time of said contracts, which substitution was entirely satisfactory to defendant's customers; that defendants on and prior to September 30, 1900, in the usual course of their business, could really have sold all of said watch movements ordered of plaintiff, and at least an equal number, to wit, 175 watch cases, if said goods had been delivered by the plaintiff in accordance with the terms of said contracts; that defendants actually received orders for these goods which could not be filled by reason of plaintiff's default, and that by reason of such default, defendants were obliged not only to refuse orders for movements and cases from new and old customers, but in many instances to return

money advanced for such goods; that such merchandise was of that character that it could not be procured elsewhere in the market; that by reason of the premises defendants suffered loss on sales they would have made as aforesaid, not only of said watch movements above described, but also such watch cases as, in the course of their business, would have been sold with such movements, in the sum of, to wit, $500."

To the special pleas plaintiff filed a demurrer which was sustained by the court, apparently because the court was of the opinion that the defense presented by such pleas could be introduced under the general issue. At the trial the defendants also offered evidence to establish the facts set up in the special pleas, which the defendants had asked leave to file on February 1, 1901, and which the court had refused to allow to be filed; to the introduction of which evidence the plaintiff objected; which objection the court sustained.

FLOWER, VROMAN & MUSGRAVE, attorneys for appellants.

ALDEN, LATHAM & YOUNG, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The facts set up in the special pleas were admissible for the purpose of reducing the damages claimed by the plaintiff for goods sold and delivered under a contract, which, according to the special pleas, the plaintiff had failed to fully perform, in consequence of which failure, according to such pleas, the defendant had been damaged.

In actions by a vendee against a vendor for a failure to deliver goods contracted for, that frequently spoken of as prospective profits, is not allowable. That is to say, profits which are so uncertain as to rest in conjecture as to what the result of subsequent dealing or labor will be are not recoverable, for the reason, first, that a vendee can not by his subsequent conduct increase the damage for which his vendor is liable, and second, because such profits are not presumed to have entered into the mind of the vendor in making the sale. When, however, the vendor is informed

at the time of the sale, that the goods are purchased by a merchant to fulfill contracts already made by him for their sale, the vendor is presumed to have, in making the sale, contemplated that the merchant expected to make a profit upon the goods that had been already ordered from him, and the loss of such expected profit, if occasioned by a failure to deliver the goods to him, may be recovered in a suit by him brought against his vendor.    Booth v. Rolling Mill Co., 60 N. Y. 487; Borries v. Hutchinson, 114 Eng. Com. Law, 443-460; Griffin v. Colver, 16 N. Y. 489; Messmore v. N. Y. Shot & Lead Co., 40 N. Y. 422; Thorne v. McVeagh, 75 Ill. 81; Carpenter v. First National Bank, 119 Ill. 352-360; Railway Co. v. Wood, 189 Ill. 352-357; Boutin v. Rudd, 82 Fed. Rep. 685; Central Trust Co. v. Clark, 92 Fed. Rep. 293; Guetzkow v. Andrews, 92 Wis. 214; Robinson v. Hyer, 17 Southern Rep. 745; McHose v. Fulmer, 73 Pa. State, 365; Glidden v. Pooler, 50 Ill. App. 36; 5th Vol. 1st Ed. Am. & Eng. Ency. of Law, 32.

The distinction between the allowance as damages of profits that would have been made on sales, which the vendor was informed, at the time of the sale by him, had already been made, and the allowance of damages for profits on sales made after the purchase by the vendee, is obvious.    While it is true, as has sometimes been said, that in the sale made to a merchant the vendor may be presumed to have taken into consideration that the goods were purchased for resale, nevertheless, whether they would be so resold, and if so, upon what terms, whether at a loss or a profit, are things concerning which vendee and vendor can only conjecture.    Whereas, when a vendor is informed at the time of his sale that the goods are purchased to supply orders already received, he is dealing with a certainty as great as ordinarily exists in commercial affairs, and in a position where, if he see fit, he may by inquiry from his proposed vendee ascertain what profit he expects to make and thus know, so far as profit from such orders is concerned, just what damages he will be liable for, in case he fails to fulfill his contract.    Nearly all of the cases to which our

attention is called by appellee, holding that damages can not be recovered for prospective profits, are distinguishable from the case at bar.

As Strawn v. Cogswell, 26 Ill. 457, was an action occasioned by a failure to deliver promptly a shaft necessary for the operation of a mill, therefore there was an attempt to recover profits that would have been made by the mill had the shaft been furnished as agreed.

Green v. Williams, 45 Ill. 206, was an action for failure to deliver possession of demised premises. The lessee was not allowed to recover profits which she might have made by carrying on business upon the premises leased by her.

Hiner v. Richter, 51 Ill. 299, was an action to recover damages caused by fraudulent representations as to the quantity of land in a certain piece purchased by the plaintiff. In its opinion the court said that "the loss of possible profits to the vendee which he might have made on the deficient acres is too remote and uncertain to be made the ground of special damages."

Frazier v. Smith, 60 Ill. 145, was an action to recover damages for a breach of contract to repair a still apparatus for the manufacture of alcohol. The profits which the plaintiff alleged he might have made by the use of the still in the manufacture of alcohol, were held to be too prospective and remote as elements of damage.

Benton v. Fay & Co., 64 Ill. 417, was an action brought to recover damages for failure to deliver a planing machine ordered by the plaintiff, which the defendant knew was essential to the operation of plaintiff's mill. The profits which the plaintiffs might have made had the machine been supplied were held to be purely speculative.

Chicago, Burlington & Quincy Railway Company v. Hale, 83 Ill. 360, was an action brought to recover for injury to a jack. The court held that profits that might have been made from the use of the jack had he not been injured, were too remote for allowance as damages.

In Chicago v. Huenerbein, 85 Ill. 594, an action brought to recover damages for the overflowing of the plaintiff's

land, the court said that "the profits which the plaintiff claimed he could have made from the cultivation of the land had it not been overflowed were too remote to afford ground for the allowance of damages."

In Hair v. Barnes, 26 Ill. App. 580, an action against a solicitor of advertisements for a breach of his contract to solicit advertising during a certain period, it was held that an estimate of probable profits for the remainder of the term, based on proof of profits for a part thereof, was speculative, and insufficient as a basis for allowance of damages.

In Consumers' Pure Ice Company v. Jenkins, 58 Ill. App. 519, damages were sought to be recouped for delay in a contract for the erection of an ice plant. It was held that a consideration of the profits that might have been made had the plant been completed as promised would have been improper.

In Rhea-Thielens Imp. Co. v. Racine Iron Co., 89 Ill. App. 463, an attempt was made to recover profits upon sales of seeders sold by the plaintiff subsequent to his contract for them from the defendant. The court said that "to make the proof competent defendant must further show that the machines were bought by defendant to fill orders already taken, and that plaintiff, when making its contract with defendant, knew that fact. Defendant admitted it could not make such proof because it bought the machines from plaintiff before it took orders for them from retail dealers. The court then refused to admit the evidence." Commenting upon this the Appellate Court said:

" Plaintiff did not sell them (the seeders) to enable defendant to fill orders received, for defendant had no such orders at that time. It is not shown that when the contract was made plaintiff knew defendant intended to make resales or take orders for the goods before they were delivered."

In Jordan v. Patterson, 67 Conn. 473, cited by appellee, the distinction pointed out in this opinion between profits that would have been made by the vendee on contracts for sales existing at the time of the purchase of the goods, and profits on sales made after the purchase, is commented upon; the court holding that if at the time the goods were

contracted for, the plaintiff had bargained and sold the goods to other parties at a profit and the defendant had knowledge of the subsequent contracts, the plaintiffs were entitled to recover these profits as part of the damages, because the sub-sales being known to the defendant, the profits thereon must be considered as having been contemplated by him at the time he contracted to sell.

In Brigham v. Carlisle, 78 Ala. 243, profits which the plaintiff, a traveling salesman selling goods on commission, might have earned had he not been discharged by the defendant, were held to be too remote and not to be recoverable.

In the case at bar the defendant, by way of recoupment, offered to show the matters and things set up in the pleas by him filed, to which a demurrer had been sustained. This the court refused to permit it to do. The question thus arises whether that set up in the pleas was sufficient to entitle the defendant to recoup the damages thereby claimed to have been sustained.

The language of the first plea as to the sale of watches and movements therefor, such as were purchased of the plaintiff, and the knowledge of the plaintiff as to such sale, is " that defendants at the date of said contracts, had a large number of orders for Elgin and Waltham movements to be used in watches as above set forth, and · that the defendants ordered movements of plaintiff, said Illinois Watch Company, for the express purpose, as the plaintiff then well knew, of using them to fill said orders for said Elgin and Waltham movements." The language used in this plea is " that the defendant at the time of this contract of purchase had a large number of orders, * * * and that the defendant ordered movements of the plaintiff, as the plaintiff then well knew, for the purpose of using them to fill said orders." Is an allegation that a party had orders for certain goods equivalent to the assertion that he had contracts, or is the having of orders by a vendee, to the knowledge of his vendor, at the time of the contract of sale, sufficient to entitle such vendee to recover profits

which he might have made had the goods he purchased been delivered to him?

The term "orders" is frequently used by merchants as equivalent to contracts, or as meaning orders yet outstanding and which may yet be accepted by the party to whom they were given.

In Rhea-Thielens Imp. Co. v. Racine Iron Co., 89 Ill. App. 463, the term "orders" is used as equivalent to contracts.

We are of opinion that the offer made by appellant was such as entitled it to introduce this evidence. Whether it would have been able to show that it had at the time of this purchase from appellee either contracts or orders for the sale of such goods as appellee agreed to deliver to it, and whether it could show that if the goods it purchased had been delivered to it as agreed, it would have made any profit on such goods or orders, is a matter concerning which it was entitled to introduce evidence.

As the judgment of the court below is to be reversed, we do not think it necessary to pass upon the question of costs here presented. The judgment of the Superior Court is reversed and the cause remanded.